PER CURIAM.
James Salley appeals from a judgment of conviction of three counts of aggravated child abuse. We affirm.
The trial court erred in allowing a state witness to present abuser profile testimony. Flanagan v. State, 625 So.2d 827 (Fla.1993). However, admission of the testimony amounted to harmless error, as it was not a feature of the trial and did not affect the verdict beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We find no merit in Salley’s remaining points on appeal. See Jackson v. State, 359 So.2d 1190 (Fla.1978), cert. denied, 439 U.S. 1102, 99 S.Ct. 881, 59 L.Ed.2d 63 (1979) (defendant may not initiate error and then seek reversal based on that error); Albritton v. State, 221 So.2d 192 (Fla. 2d DCA 1969) (inflammatory nature of photographs not sufficient, by itself, to exclude them from evidence).
Affirmed.